UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NATHANIEL PETER KENNISON,

                Plaintiff,

v.

STATE OF MICHIGAN, et al.,

                Defendants.

_____/

Case No. 1:24-cv-597

Honorable Phillip J. Green

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 3, PageID.5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

2

28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

<u>**Discussion**</u>

I.      **Procedural History and Factual Allegations**

At the time Plaintiff filed his complaint, (ECF No. 1), and his amended complaint, (ECF No. 10), Plaintiff was incarcerated at the Muskegon County Jail in Muskegon, Muskegon County, Michigan.  The events about which he complains occurred at that facility.

By order entered July 10, 2024, the Court ordered Plaintiff to file an amended complaint on the court-approved form because Plaintiff's initial complaint was "insufficient to state a claim for relief."  (Order, ECF No. 6, PageID17.)  The Court specifically directed Plaintiff to name the individual defendants from whom he sought relief.

The Clerk sent Plaintiff the forms, but after three weeks, Plaintiff informed the Court that the forms had "mysteriously turned up missing."  (ECF No. 7, PageID.21.)  In response, the Clerk sent Plaintiff two additional copies of the form.  (ECF No. 7-1.)  Additionally, the Court entered an order directing the Clerk to send Plaintiff more copies of the form; the Court also provided Plaintiff another 28 days to submit an amended complaint.  (ECF No. 8.)  Plaintiff received the two copies of the form complaint that the Clerk sent in response to Plaintiff's letter, and completed his amended complaint, before he received the Court's order.[2]  Indeed, Plaintiff never received the Court's order.  It was returned from the Muskegon County Jail because,

---

[2] The order was mailed on August 9, 2024; the amended complaint was signed on August 8, 2024.

4

according to the note on the envelope, Plaintiff was no longer in the jail—he had been released on August 16, 2024.  (ECF No. 11.)  Plaintiff has not provided the Court with a current address.

In Plaintiff's amended complaint, he lists the following defendants in the caption: State of Michigan, Muskegon County Jail, 14th Circuit Court, Sheriffs Department, Judge Matthew R. Kacel, 60th District Court, Judges Nolan and Kostrzewa, and the Jail Medical Department.  (*Id*., PageID.32.)  Where the form calls for Plaintiff to identify the Defendants by name, position, place of employment, address, and capacity, Plaintiff states that he is suing "60th District Court, Judge Nolan," "14th Circuit Court: Judge Kacel," "Vitalcore Medical Department," "Muskegon County Jail-Guards + Deputies," and the "Muskegon County Prosecutor Office."  (*Id*., PageID.33.)

Plaintiff alleges that Defendant Nolan allowed him to be bonded over to the 14th Circuit Court with no evidence at an unfair probable cause hearing.  Plaintiff states that the Muskegon County Prosecutor's office then took longer than the court rules allowed to serve Plaintiff papers for a court date in felony court and that he was only accused of a 90-day misdemeanor.  (*Id*., PageID.34.)

Plaintiff asserts that Defendant Kacel allowed a 90-day misdemeanor case to be handled in felony court. Plaintiff states that he was illegally placed in "state probation" and was sentenced to a year in jail.  (*Id*.)  Plaintiff alleges that his disability was stopped since he was placed in jail and that Vitalcore was "negligent" because they did not provide adequate medical attention for Plaintiff's Crohn's

Disease.  (*Id.*)  Plaintiff asserts that he was sick five times in a period of six months and that Vitalcore did "very little if at all testing" until Plaintiff filed a grievance. (*Id.*)

Plaintiff alleges that officials at the Muskegon County Jail illegally placed him in administrative segregation multiple times for no reason and that this constitutes cruel and unusual punishment.  (*Id.*)  Plaintiff claims that he was assaulted multiple times by other inmates who threw bags of urine at him and sexually assaulted him and that Plaintiff did not retaliate.  (*Id.*)

Plaintiff claims that he continues to be incarcerated illegally beyond the allowable 90-days.  Plaintiff seeks injunctive relief in the form of immediate release from jail and removal from state probation, as well as compensation for the loss of his disability payments, and damages for pain and suffering.[3]

## II.   Plaintiff's Failure to Apprise the Court of a Current Address

The amended complaint form provided Plaintiff notice that "[t]he failure of a pro se litigant to keep the court apprised of an address change may be considered cause for dismissal." (ECF No. 10, PageID.35.)  Local Civil Rule 41.1 also provides that "[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution."  W.D.Mich. LCivR 41.1.  The Court has attempted to serve documents on Plaintiff at the address he provided; but, the documents have been returned as "undeliverable." (ECF No. 11.)  Plaintiff has failed to comply with his obligation to keep the Court apprised of his current address.  That

---

[3] Plaintiff does not seek any declaratory relief.

failure warrants dismissal of Plaintiff's claims for want of prosecution.  Nonetheless, the Court will review Plaintiff's complaint as required by the PLRA.

## III.    Plaintiff is Suing Only the Defendants Named in the Title of the Amended Complaint

Pro se pleadings are to be liberally construed, but even liberal construction has its bounds.  Federal Rule of Civil Procedure 10(a) requires that the Plaintiff "name all of the parties" in "[t]he title of the complaint."  Fed. R. Civ. P. 10(a).  Plaintiff refers to others in his complaint, i.e., "security, turnkey operators, jail guards, deputies s[e]rge[a]nts," or "Assistant Prosecutors," (Am. Compl., ECF No. 10, PageID.34), and may even accuse them of improper actions; but those other categories of persons are not named in the title of the complaint.  This Court has concluded that "[o]nly those individuals and entities identified in the caption of the complaint are properly considered defendants in an action, regardless of the complaint's other contents or allegations." *Jones v. Smith*, No. 1:10 CV 568, 2012 WL 726665, at *1 (W.D. Mich. Feb. 1, 2012), *R & R adopted*, 2012 WL 726621 (W.D. Mich. Mar. 6, 2012); *see also Schorn v. Mack*, No. 94-1747, 1995 WL 37931 (6th Cir. Jan. 31, 1995) (affirming district court's dismissal of complaint which included dismissal of a party named as a defendant in the body of the complaint, but not named as a defendant in the caption, and affirming the district court's decision to not allow amendment to correct the omission).  Accordingly, the Court will look only to the caption of the complaint to determine the defendants against whom Plaintiff is attempting to state a claim.

7

## IV.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.    Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).   "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Claims Against the State of Michigan, the 14th Circuit Court, the 60th District Court, and Judges Kacel, Nolan, and Kostrzewa in Their Respective Official Capacities

Plaintiff may not maintain a § 1983 action against the State of Michigan. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In addition, the State of Michigan is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013).

9

The 14th Circuit Court and the 60th District Court are "arms of the State" protected by Eleventh Amendment sovereign immunity. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 760–64 (6th Cir. 2010). That immunity extends to the judges to the extent they are sued in their official capacity for damages or retrospective relief.[4] *Id.*

Accordingly, the Court dismisses Plaintiff's claims against the State of Michigan, the 14th Circuit Court, and the 60th District Court. The Court also dismisses Plaintiff's claims seeking monetary damages or retrospective relief against Judge Kacel, Judge Nolan, and Judge Kostrzewa in their official capacities.

**B.      Claims against Judges Kacel, Nolan, and Kostrzewa in Their Personal Capacities for Any Relief and in Their Official Capacities for Prospective Injunctive Relief**

Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester*

---

[4] Plaintiff does not clearly identify the capacities in which he sues the judges. The Court will give Plaintiff the benefit of the doubt and address claims against the judges in their respective official and personal capacities.

*v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it").  Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction.  *Id.* at 12; *Bright v. Gallia Cnty.*, 753 F.3d 639, 649 (6th Cir. 2014) (recognizing the difference between an "excess of jurisdiction and the clear absence of all jurisdiction over the subject matter[,]" and noting that only the latter deprives a judge of judicial immunity).

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity.  There is no doubt that the decisions to bind someone over for trial, place them on probation, or to sentence them to a year in jail were judicial acts and that Judges Kacel, Nolan, and Kostrzewa were acting within their jurisdiction in doing so.  Accordingly, the judges are absolutely immune from liability for monetary damages.

Plaintiff's requests for prospective injunctive relief, whether sought against the judges personally, or in their official capacities, are also without merit, but for a different reason.  The judges, in their official capacities, are not protected by sovereign immunity against claims for prospective injunctive relief.  An official capacity action seeking prospective injunctive relief constitutes an exception to sovereign immunity.  *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official).  The United States Supreme Court has determined that a suit under *Ex Parte Young* for prospective injunctive relief should not be treated as an action against the state.  *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).  Instead, the

11

doctrine is a fiction recognizing that unconstitutional acts cannot have been authorized by the state and therefore cannot be considered done under the state's authority. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 114 n.25.

Although the judges are not protected by sovereign immunity, they are protected by § 1983. Under the 1996 amendments to § 1983, injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, his claim for injunctive relief is barred. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

For all of these reasons, Plaintiff's claims against the judges for monetary damages and for prospective injunctive relief, the only remaining claims against the judges, are properly dismissed.

### C.    Claims against the Muskegon County Jail and the Muskegon County Sheriffs Department

Section 1983 imposes liability on any "person" who violates an individual's federal rights while acting under color of state law. Plaintiff sues the Muskegon County Jail. The Muskegon County Jail is a building that houses convicted prisoners and pretrial detainees; it is not a person and it "is not a legal entity susceptible to suit." *Watson v. Gill,* 40 F. App'x 88, 89 (6th Cir. 2002); *see also Goldman v. Kalamazoo Cnty. Jail*, No. 1:16-cv-359, 2016 WL 3180043, at *2 (W.D. Mich. June 8, 2016) (collecting cases that hold a local jail is not a person subject to suit under

§ 1983).  Accordingly, Plaintiff has failed to state a claim upon which relief may be granted against the Muskegon County Jail.

The same reasoning warrants dismissal of Plaintiff's claims against the Muskegon County Sheriffs Department.  "As a political subdivision of [the] County, the Sheriff's Office is not an entity subject to suit under § 1983 . . . ." *O'Hair v. Winchester Police Dep't*, No. 16-6235; 2017 WL 7240652, at *4 (6th Cir. Oct. 18, 2017) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (stating that "the Sheriff's Department is not a legal entity subject to suit, *Kurz v. Michigan*, 548 F.2d 172, 174 (6th Cir.), *cert. denied*, 434 U.S. 972, 98 S.Ct. 526, 54 L.Ed.2d 462 (1977)").  Thus, Plaintiff's claims against the Muskegon County Sheriffs Department are also properly dismissed for failure to state a claim.

Instead of the jail or the sheriffs department, Plaintiff should have named Muskegon County as a defendant.  *See, e.g., Watson*, 40 F. App'x at 89 (noting that "[b]ecause the McCracken County Jail is a department of the county, the county is the appropriate party"); *Matthews*, 35 F.3d at 1049 (stating that "[s]ince the [Jefferson County] Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint").  Simply substituting Muskegon County for the jail or the sheriffs department would not change the result.

Muskegon County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, the county is liable only when an official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). "Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights." *Watson*, 40 F. App'x at 89 (citing *Monell*, 436 U.S. at 692).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff's department. *See Monell*, 436 U.S. at 690. Moreover, the United States Court of Appeals for the Sixth Circuit has explained that a custom "for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.*

Here, although Plaintiff's complaint describes potential wrongdoing that occurred at the jail by sheriffs department staff, Plaintiff fails to allege the existence of a custom or policy, let alone that any policy or custom was the moving force behind

his alleged constitutional injuries. *Cf. Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff's allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation).  Because Plaintiff fails to allege the existence of a policy or custom, Plaintiff has failed to state a claim against Muskegon County.

### D.    Claims Against the Jail Medical Staff

Plaintiff contends that the Jail Medical Staff[5] failed to provide him with adequate medical attention for his Crohn's Disease.  It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  Any "[s]ummary reference to a single, five-headed 'Defendants' [or staff] does not support a reasonable inference that *each* Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to

---

[5] Plaintiff lists the Jail Medical Staff in the caption and Vitalcore Medical Department in the body of his complaint. The Muskegon County Sheriffs Department website reports that "[m]edical services at the Muskegon County Jail are contracted through VitalCore Health Strategies." https://www.co.muskegon.mi.us/336/Jail-Medical (last visited Sept. 1, 2024). Plaintiff's allegations and the website support the inference that the Jail Medical Staff is provided by Vitalcore.

violate the asserted constitutional right." (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))). Therefore, Plaintiff's claims against the "Jail Medical Staff" or the "Vitalcore Medical Department" fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Accordingly, Plaintiff's claims against Jail Medical Staff (or Vitalcore Medical Department) are properly dismissed.

It is not impossible that Plaintiff intended to sue VitalCore Health Strategies, LLC. A private entity that contracts with a governmental body to perform a traditional state function, like providing healthcare to inmates, can "be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993); *Shadrick v. Hopkins Cnty., Ky.*, 805 F.3d 724, 736 (6th Cir. 2015). Here, VitalCore "stands in the shoes of [Muskegon] County for purposes of § 1983 liability." *Shadrick*, 805 F.3d at 736. Therefore, the requirements for a valid § 1983 claim against a municipality apply equally to private corporations that are deemed state actors for purposes of § 1983. *See Starcher v. Corr. Med. Sys., Inc.,* 7 F. App'x 459, 465 (6th Cir. 2001) (recognizing that the holding in *Monell* has been extended to private corporations); *Street*, 102 F.3d at 817–18 (same); *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 409 (2d Cir. 1990) (same); *Cox v. Jackson*, 579 F. Supp. 2d 831, 851–52 (E.D. Mich. 2008) (same).

Plaintiff failed to state a claim against Muskegon County because he had failed to allege a policy or custom that had caused his injury; Plaintiff fails to state a claim against VitalCore for the same reason. Accordingly, if Plaintiff had intended to seek relief against VitalCore, he has failed to state a claim.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reason the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $605.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   September 9, 2024                    /s/ Phillip J. Green
                                              PHILLIP J. GREEN
                                              United States Magistrate Judge